UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL DWAYNE BYARS,

    Petitioner,

vs.

BRYAN WILLIAMS, SR., *et al.*,

    Respondents.

_____/

3:15-cv-00388-RCJ-VPC

**ORDER**

    This action is a *pro se* petition for writ of habeas corpus by Nevada prisoner Michael Dwayne Byars.  Byars submitted his habeas petition on July 27, 2015 (ECF No. 8), and it was filed on September 17, 2015, after he paid the filing fee (ECF Nos. 6, 7).

    On September 28, 2015, Byars filed a document entitled "Request for Stay and Abeyance [and] Withdrawal of Petition" (ECF No. 9), stating that his habeas petition initiating this case was filed prematurely, and that he "wishes to withdraw his petition," so that he may return to state court to initially present his claims there.  On October 9, 2015, respondents filed a response to Byars' motion (ECF No. 11).  In their response, respondents noted that the title of Byars' motion created some ambiguity with respect to Byars' intention, and respondents indicated that they opposed a stay of this action.  Byars' then filed a further motion, entitled "Motion to Withdraw Petition" (ECF No. 12), clarifying the purpose of his previous motion, and requesting that the court "allow him to withdraw his petition without prejudice."  Motion to Withdraw Petition, p. 2.  Respondents did not

respond to the second motion. On December 2, 2015, the court granted Byars' motions, and dismissed this action without prejudice (ECF No. 15). Judgment was entered (ECF No. 16).

Then, on January 29, 2016, Byars filed a document entitled "Request to File a Protective Writ" (ECF No. 17). In that document, Byars states that, with this action dismissed, he is concerned that there is a danger that he will be barred by the federal statute of limitations from filing a subsequent federal habeas action after completion of his state habeas action. According to Byars, this is because there was delay, beyond his control, in the filing of his state habeas action. Respondents did not respond to Byars' January 29, 2016, motion.

The motion filed by Byars on January 29, 2016, is in the nature of a motion for relief from judgment, pursuant to Federal Rule of Civil Procedure 60(b), and the court treats it as such. The motion for relief from judgment was filed within a reasonable time. *See* Fed.R.Civ.P. 60(c).

Byars has shown good cause to grant his motion for relief from judgment. In *Pace v. DiGuglielmo*, the Supreme Court addressed the issue whether the statute of limitations for a federal habeas petition is tolled when a petitioner files an untimely petition in state court; holding that the statute is not tolled, the Court added:

> A prisoner seeking postconviction relief might avoid this predicament ... by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted.... A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.

*Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005); *see also Mena v. Long*, ___ F.3d ___, 2016 WL 625405 (9th Cir., February 17, 2016) (district court may stay a petition that raises only unexhausted claims). The court finds that Byars reasonably expresses concern about whether he will be able to timely file a subsequent federal habeas action if this case is dismissed. Respondents did not respond to that showing.

The court will, therefore, grant Byars' motion for relief from judgment, will order the judgment vacated, and will order this case stayed and administratively closed pending completion of Byars' state habeas action.

1    **IT IS THEREFORE ORDERED** that petitioner's "Request to File a Protective Writ" (ECF No. 17) is treated as a motion for relief from judgment, pursuant to Federal Rule of Civil Procedure 60(b), and is **GRANTED**.

**IT IS FURTHER ORDERED** that the judgment entered December 2, 2015, is **VACATED**.

**IT IS FURTHER ORDERED** that this action shall be **STAYED**, while petitioner exhausts, in state court, all his unexhausted claims for habeas corpus relief.  The clerk of the court shall administratively close this case.

**IT IS FURTHER ORDERED** that, following the conclusion of petitioner's state court proceedings, petitioner shall, within 30 days, make a motion to lift the stay of this action.

**IT IS FURTHER ORDERED** that this action shall be subject to dismissal, upon a motion by respondents, if petitioner does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed pursuant to this order.

Dated this 4th day of March, 2016.

_____
UNITED STATES DISTRICT JUDGE