UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL DWAYNE BYARS,

    Petitioner,

vs.

BRYAN WILLIAMS, SR., *et al.*,

    Respondents.

3:15-cv-00388-RCJ-VPC

**ORDER**

---

This action is a *pro se* petition for writ of habeas corpus by Nevada prisoner Michael Dwayne Byars. Byars was convicted on September 5, 2012, after a jury trial, in Nevada's Tenth Judicial District Court in Churchill County, of five felonies, and he was sentenced as follows:

| | | |
|---|---|---|
| Count 1, | Unlawful User of Controlled Substance Not to Possess Firearm, | Merged with Count 5; |
| Count 2, | Unlawful Use or Being Under the Influence of a Controlled Substance, | 18 to 48 months in prison, concurrent with Count 5; |
| Count 3, | Battery by a Prisoner in Lawful Custody or Confinement, | 24 to 60 months in prison, concurrent with Count 5; |
| Count 4, | Battery by a Prisoner in Lawful Custody or Confinement, | 24 to 60 months in prison, concurrent with Count 3; and |
| Count 5, | Ex-Felon Not to Possess Firearm, | 28 to 72 months in prison. |

Judgment of Conviction, Exhibit 100, pp. 2-3 (ECF No. 31-4, pp. 3-4); *see also* First Amended Judgment of Conviction, Exhibit 139 (ECF No. 32-11).

| | |
|---|---|
| 1 | Byars unsuccessfully pursued a direct appeal to the Nevada Supreme Court, as well as a first state post-conviction habeas corpus action. *See* Opinion of the Nevada Supreme Court, Exhibit 136 (ECF No. 32-8); Order of Affirmance, Exhibit 185 (ECF No. 33-26). |

Byars unsuccessfully pursued a direct appeal to the Nevada Supreme Court, as well as a first state post-conviction habeas corpus action. *See* Opinion of the Nevada Supreme Court, Exhibit 136 (ECF No. 32-8); Order of Affirmance, Exhibit 185 (ECF No. 33-26).

Byars submitted his habeas petition to this Court, initiating this case, on July 27, 2015 (ECF No. 8), and his petition was filed on September 17, 2015, after he paid the filing fee (ECF Nos. 6, 7). On March 4, 2016, the Court stayed this action pending Byars' completion of a second state habeas action. *See* Order of March 4, 2016 (ECF No. 18).

Byars initiated his second state habeas action on November 17, 2015. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 162 (ECF No. 33-2). The state district court dismissed that petition, finding it to be successive and barred by the law of the case doctrine. *See* First Amended Order Dismissing Petition for Writ of Habeas Corpus, Exhibit 188 (ECF No. 33-29). The Nevada Supreme Court affirmed on November 18, 2016. *See* Order of Affirmance, Exhibit 190 (ECF No. 33-31).

Back in this Court, the stay was lifted on February 16, 2017 (ECF No. 24). The respondents filed a motion to dismiss on May 17, 2017 (ECF No. 27).

Despite the Court twice *sua sponte* extending the time for Byars to respond to the motion to dismiss (ECF Nos. 35, 38), he did not respond. The failure of a party to file points and authorities in opposition to a motion to dismiss constitutes a consent to the granting of the motion. LR 7-2(d).

Moreover, respondents' motion to dismiss is meritorious. Respondents move for dismissal of Ground 1 as barred by the rule of *Stone v. Powell*, 428 U.S. 465 1976). Under *Stone*, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim," federal habeas corpus relief is unavailable for a claim that evidence recovered through an illegal search or seizure was introduced at trial. The *Stone v. Powell* doctrine applies to all Fourth Amendment claims, including claims of illegal stops, arrests, searches and seizures based on less than probable cause, and it applies regardless of the nature of the evidence sought to be suppressed. *Cardwell v. Taylor*, 461 U.S. 571, 572-73 (1983) (per curiam). In Ground 1, Byars claims the trial court erred,

under the Fourth and Fourteenth Amendments to the United States Constitution, in admitting evidence obtained by means of a blood draw, and evidence obtained by means of an inventory search of his car. *See* Petition for Writ of Habeas Corpus, pp. 3-3D (ECF No. 8, pp. 3-7). Byars had an opportunity for full and fair litigation of these claims in state court, on his direct appeal, and in his two state habeas actions. *See* Appellant's Opening Brief, Exhibit 117 (ECF No. 31-21); Appellant's Reply Brief, Exhibit 128 (ECF No. 32); Opinion of the Nevada Supreme Court, Exhibit 136 (ECF No. 32-8); Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 142 (ECF No. 32-14); Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 162 (ECF No. 33-2); Appellant's Informal Brief, Exhibit 176 (ECF No. 33-17); Appellant's Informal Brief, Exhibit 184 (ECF No. 33-25); Order of Affirmance, Exhibit 185 (ECF No. 33-26); Order of Affirmance, Exhibit 190 (ECF No. 33-31). The Court, therefore, determines that Ground 1 of Byars' petition is barred by the doctrine of *Stone v. Powell*.

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (ECF No. 27) is **GRANTED**. Ground 1 of the petitioner's petition for writ of habeas corpus (ECF No. 8) is dismissed.

**IT IS FURTHER ORDERED** that, within 60 days from the date of this order, respondents shall file an answer, responding to the remaining claims in the petitioner's habeas corpus petition.

**IT IS FURTHER ORDERED** that, in all other respects, the schedule for further proceedings in this case set forth in the order entered February 16, 2017 (ECF No. 24) shall remain in effect (petitioner will have 60 days following the filing of an answer to file a reply; respondents with then have 30 days to file a response to the reply).

Dated this 29 day of January, 2018.

_____
UNITED STATES DISTRICT JUDGE

3